UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHLEEN M. BALL, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 05-CV-256-FHM |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| DEFENDANT. ) | |

### ORDER

Plaintiff, Kathleen M. Ball, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's March 26, 2002 application for disability insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held August 20, 2003. By decision dated March 25, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the ALJ's decision on April 15, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born October 12, 1956, and was 46 years old at the time of the hearing. [R. 251].   She claims to have been unable to work since March 6, 2002, due to pain related to osteoarthritis in her knees, chronic severe headaches, numbness and "freezing up" of her right hand, obesity and depression. [R. 256-276, Plaintiff's brief].

The ALJ determined that Plaintiff has severe impairments consisting of bilateral osteoarthritis of the knees, degenerative disk disease and a history of right arm injury. [R. 23].  The ALJ found that, despite these impairments, Plaintiff retains the residual functional capacity (RFC) to perform sedentary work activity. [R.27].  He determined that Plaintiff's RFC precluded returning to her past relevant work (PRW) as a day care worker and hospital housekeeper.  The ALJ found, based upon written responses to questions posed via letter from a Vocational Expert (VE), that other work is available in significant numbers in the economy that Plaintiff can perform with her RFC.  He thus concluded that Plaintiff is not disabled as defined by the Social Security Act at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

2

Plaintiff asserts the ALJ's decision is not based upon substantial evidence. Specifically, she asserts the ALJ: 1) failed to properly assess her residual functional capacity (RFC); 2) erred in finding she could perform other work; and 3) failed to properly evaluate her credibility. [Plaintiff's Brief, p. 1]. An additional issue presented by the record in this case is whether the correspondence from the Vocational Expert provided substantial evidence upon which the ALJ could properly make his step 5 finding. For the following reasons, the Court reverses and remands this case to the Commissioner for further development.

There is no dispute that Plaintiff has severe osteoarthritis in both knees, greater on the right. [R. 26, 179, 190, 207-208, 237, 243]. Plaintiff's treating physician, Michael C. Foster, M.D., referred Plaintiff to an Orthopaedic Surgeon, Alan W. Holderness, who opined that total knee replacement might be warranted if Hyalgan injections failed to provide pain relief. [R. 207-208]. Plaintiff continued under the care of Dr. Foster through the date of the hearing before the ALJ. [R. 266]. Dr. Foster refused the agency's request to provide an RFC assessment for Plaintiff. [R. 275].

The hearing was conducted by the ALJ on August 20, 2003, at which a vocational expert appeared but was only questioned regarding Plaintiff's past work profile and whether she could perform any jobs if her testimony were accepted as true. [R. 277-278]. A week after the hearing, on August 27, 2003, the ALJ sent copies of Plaintiff's medical records to Michael Karathanos, M.D., and asked him for his opinion whether Plaintiff met a listing and to evaluate her ability to perform work-like activity using an agency medical assessment form. [R. 125-126]. Dr. Karathanos responded on August 28, 2003, and set forth the following limitations on the assessment form:

3

> 1. Total at one time:
> Sit:    1 to 2 hours
> Stand: 10-30 minutes
> Walk: 10-30 minutes
>    Total during entire 8-hour work day
> Sit:    6 hours
> Stand: 1 hour
> Walk:  1 hour
> 2. Patient can lift: 11-20 lbs. occasionally
> 3. The claimant can carry: 11-20 lbs. occasionally
> 4. Is the claimant's use of feet or repetitive movements, as
> in pushing and pulling leg controls, limited:  Both - No
> 5. Is claimant's use of hands for repetitive movement limited in:
> Grasping - Both, No
> Fingering - Both, No
> 6. The claimant is able to:
> Bend - Occasionally
> 7. Restriction of activities involving:
> Exposure to marked changes in temperature and humidity - moderate.

[R. 237-240]. There is no explanation in the record, or in the ALJ's decision, why he sent a second letter to Dr. Karathanos on October 27, 2003, requesting the same information. [R. 131-132]. Dr. Karathanos' response to the second request, dated October 30, 2003, contained the following limitations:

> 1. Total at one time
> Sit:    2 hours
> Stand: 30 minutes to 1 hour
> Walk: 10-30 minutes
>    Total during entire 8-hour work day
> Sit:    6 hours
> Stand: 2 hours
> Walk: 2 hours
> 2. Patient can lift: 21-25 lbs. occasionally
> 3. The claimant can carry: 21-25 lbs. occasionally
> 4. Is the claimant's use of feet or repetitive movements, as
> in pushing and pulling leg controls, limited:  Both - No
> 5. Is claimant's use of hands for repetitive movement limited in:
> Grasping - Both, No
> Fingering - Both, No
> 6. The claimant is able to:
> Bend - Occasionally

>   Reach - Frequently
>   7.  Restriction of activities involving:
>   Exposure to marked changes in temperature and humidity - mild.

[R. 243-247].[2]

On December 31, 2003, the ALJ sent a written hypothetical question to Cheryl Mallon, a vocational expert, which set forth the following RFC:

>   Sit 2 hours at a time and up to 6 hours of an 8-hour workday with normal breaks
>   **Stand 30 minutes to 2 hours at a time and up to 2 hours of an 8-hour workday** with normal breaks
>   Walk 10 to 30 minutes at a time and up to 2 hours of an 8-hour workday with normal breaks
>   Occasionally lift and carry up to 25 pounds
>   Frequently lift and carry up to 10 pounds
>   Occasionally bend
>   Occasionally, for short times, be exposed to marked changes in temperature and humidity
>   Except as above limited is able to perform light work.

[R. 134] (emphasis added).

In response, Ms. Mallon wrote:

>   Assuming a 45-year-old person with 2 years of college and the past work history described above could sit 2 hours at a time and up to 6 hours in an 8-hour day, **stand 30 minutes at a time and up to 2 hours in an 8-hour day**, walk 10 to 30 minutes at a time and up to 2 hours in an 8-hour day, occasionally lift and carry 25 pounds, frequently lift and carry 10 pounds, occasionally bend, and occasionally be exposed to marked changes in temperature and humidity, they could not perform the past work, but could perform these jobs:

---

[2] It has not escaped the Court's notice that Defendant offered no response whatsoever to Plaintiff's contention that the ALJ improperly relied upon Dr. Karathanos's second statement, which contained less restrictive limitations than the first statement, without explanation as to why he preferred that statement over the first one. Failure to address the specific errors identified in Plaintiff's brief violates the Court's Scheduling Order entered May 17, 2005 [Dkt. 8].

[R. 135] (emphasis added).  Ms. Mallon then identified Order Clerk, Assembler and Machine Operator as jobs available in the economy that Plaintiff could perform with that RFC. *Id.*

On March 25, 2004, the ALJ entered his decision in which he found Plaintiff retains the RFC to perform sedentary work activity, "sitting 2 hours at a time for a total of 6 hours in an 8-hour day; **standing 30 minutes at a time for a total of 2 hours in an 8-hour day**; walking 10 to 30 minutes at a time for a total of 2 hours in an 8-hour day; lifting and carrying up to 25 pounds occasionally and 10 pounds frequently; with occasional bending and exposure to marked changes in temperature and humidity." [R. 27] (emphasis added).

There are three errors presented in this sequence of events.  The first problem arises with the ALJ's failure to explain his reasons for preference of Dr. Karathanos' second RFC assessment, which contained less restrictive limitations on sitting, standing, walking and lifting/carrying abilities, over his first RFC assessment.  It is the ALJ's duty to consider all materials submitted to him in a particular case. See 42 U.S.C. § 423(d)(5)(B)(the Commissioner's decision must be made upon consideration of all the evidence available in the record).  The ALJ should have given reasons for rejecting Dr. Karathanos' first report and RFC evaluation, *see Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir.1983)(court cannot accept ALJ's unreasoned rejection of all evidence in claimant's favor); *Smith v. Bowen*, 687 F.Supp. 902, 904 (S.D.N.Y.1988)("Although the ALJ is not required to reconcile every ambiguity and inconsistency of medical testimony, he cannot pick and choose evidence that supports a particular conclusion."

(citation omitted)); *see also Garfield v. Schweiker*, 732 F.2d 605, 609 (7th Cir.1984)(reasons for rejecting reports should be stated).

The second problem lies in the ALJ's apparent rejection of Dr. Karathanos' opinion in his second report that Plaintiff is unable to stand longer than one hour at a time, again without explanation.  Standing and walking limitations are a crucial part of the RFC.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 416.967(a).[3]  When there is a reduction in an individual's exertional or nonexertional capacity so that he or she is unable to perform substantially all sedentary occupations, the occupational base is eroded. Social Security Ruling (SSR) 96-9p, 1996 WL 374185, *4.  The Court notes that the VE who testified in person at the hearing stated no jobs would be available if Plaintiff's testimony were taken as true. [R. 277-278].  Plaintiff had testified that she could stand and walk only 30 minutes at a time. [R. 264-265].  Consequently, the second VE's written response to the ALJ's hypothetical regarding jobs available in the less than sedentary range was critical, which highlights the third error committed by the ALJ.

The RFC set forth in the letter from the ALJ to the VE contained the limitations assessed by Dr. Karathanos in his second statement except the limit for standing 30

---

[3] The full range of sedentary work requires that an individual be able to stand and walk for a total of approximately 2 hours during an 8-hour workday.  If an individual can stand and walk for a total of slightly less than 2 hours per 8-hour workday, this by itself would not cause the occupational base to be significantly eroded.  Conversely, a limitation to standing and walking for a total of only a few minutes during the workday would erode the unskilled sedentary occupational base significantly. Social Security Ruling (SSR) 96-9p, 1996 WL 374185, *6.

minutes to 1 hour at a time, which the ALJ increased to 30 minutes to 2 hours.[4]  The RFC recited by the VE omitted the two hour maximum that Plaintiff can stand at a time. The RFC set forth in the ALJ's decision appears to have adopted the VE's description of Plaintiff's RFC by also omitting the two hour maximum that had been stated in the ALJ's hypothetical to the VE.  None of these alterations are explained in the record or the ALJ's decision.  There is no indication in the VE's letter whether the omission was the result of clerical error or whether the standing limitation was intentionally altered. Nor is it clear that, by leaving out the portion of the limitation dealing with the maximum amount of time Plaintiff can be expected to be able to stand at a time, whether the VE interpreted the limitation to be only 30 minutes at a time or 30 minutes to 2 hours at a time.

The hypothetical question must state the claimant's impairments "with precision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir.1991) (quotation omitted). It follows that the VE's written response to a written question must also repeat the impairments with precision.  Because the ALJ did not explain the basis for his determination that Plaintiff's standing limitations were not as restricted as Dr. Karathanos had opined and because the VE's response to the hypothetical did not restate the RFC as given by the ALJ, this case must be remanded for further development on those issues.  Upon remand, not only should the ALJ clarify his RFC assessment, he should also verify that the VE meant to identify jobs that Plaintiff can do with the exact RFC the ALJ determined Plaintiff to have.

---

[4] He also decreased the amount of weight Dr. Karathanos opined Plaintiff could carry. [R. 135, 245].

Because the Court finds this case must be reversed and remanded due to the lack of substantial evidence to support the ALJ's conclusion at step five that a significant number of jobs exist in the economy that Plaintiff can perform, the Court does not address the specific errors raised by Plaintiff. However, upon remand, the ALJ is urged to clarify his finding at step two regarding Plaintiff's right arm impairment. A fair reading of the written decision in its present form indicates the ALJ's step two finding of severe impairment included some element related to Plaintiff's previous right arm injury. The argument presented by the Commissioner in her response brief is that the reference to a "history of right arm injury" in the ALJ's step two finding is merely a part of the "conglomerate." [Defendant's brief, p. 3]. However, neither the ALJ nor counsel for the Commissioner have adequately identified what impact, if any, the history of right arm injury has upon Plaintiff's ability to perform basic work activities. See 20 C.F.R. §§ 404.1521(a); 416.921(a). In light of the medical evidence that tends to support Plaintiff's claim of intermittent problems with her right hand and arm, this issue warrants exploration.

The decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED to the Commissioner for further development.

SO ORDERED this 24th day of May, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE